UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ANDREW WILLIAM SMITH, et ano.,

                       Plaintiffs,

              -against-                                    08 Civ. 0564 (LAK)

WELLS FARGO & COMPANY, et ano.,

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**

Lewis A. Kaplan, *District Judge.*

        Plaintiffs Andrew Smith and Lisa Velten-Smith bought a cooperative apartment in New York City. Their mortgagee, Wells Fargo Bank, N.A. ("Wells Fargo"), charged them an $80 fee at the closing. The fee allegedly was described to the Smiths as a tax service fee. They brought this purported class action, contending that the fee violated a provision of the Real Estate Settlement Procedures Act. The second and third causes of action allege also that the fee was improper and misleadingly described in violation of provisions of New York law. Wells Fargo and its parent company move to dismiss both state law claims on the ground that they are preempted by federal law. They seek also to dismiss one of them on the additional ground that there is no private cause of action for its violation.

        The second and third causes of action are at least susceptible of being read as combining two elements – claims that Wells Fargo was foreclosed by New York law from charging the fee as well as claims that the description of the fee was deceptive. *See, e.g.,* Cpt. ¶¶ 35 ("[d]efendants knew or should have known not to disclose *or* charge a 'tax service fee' to borrowers purchasing cooperative [apartments]") (emphasis added), 37, 39, 40-41. To the extent that plaintiffs challenge Wells Fargo's ability, under New York law, properly to have charged the fee, the claims are preempted by 12 C.F.R.

§ 7.4002, substantially for the reasons asserted by Wells Fargo.  Similarly, the claim that the "tax service fee" label was deceptive is preempted by 12 C.F.R. § 34.4, again substantially for the reasons set forth by Wells Fargo.

This disposes of the need to address the question whether there is a private right of action under New York Real Property Tax Law ("RPTL") § 952 *et seq.*, the basis of the second cause of action, insofar as that claim is brought against Wells Fargo.  But there is another defendant here, Wells Fargo & Company, which is described in the complaint as the parent company of Wells Fargo. Since the preemption holding as to Wells Fargo is predicated on its status as a national bank, and as there is no suggestion that Wells Fargo & Company is a national bank, the additional question posed by the motion survives with respect to that entity.

Title 3-A of Article 9 of the RPTL regulates real property tax escrow accounts, which it defines to mean accounts, established by contract between a mortgagor of a property improved by a one to six family residence and the mortgage investing institution having a mortgage thereon, into which that mortgagee deposits money collected from the mortgagor for the purpose of paying taxes. RPTL § 952, subd. 3.  Plaintiffs claim that defendants charged them "a false, misleading and improper real estate settlement service fee" in connection with their loan.  They imply that this was part of a series of "repeated fraudulent or illegal acts" for which a civil penalty may be imposed pursuant to RPTL § 957, subd. 2.  (Cpt. ¶¶ 33-36)  While the complaint is not explicit, the briefing has made clear that plaintiffs' theory is that the tax service fee was improper because mortgage investing institutions are prohibited by RPTL § 953, subd. 4, from imposing "a service charge or any other fee in connection with the maintenance of a real property tax escrow account."

Defendants argue that there is no private right of action for violation of Section 953, subd. 4, and seek dismissal of the second cause of action on that ground.  They contend that the express

3

authorization of enforcement by the Attorney General, coupled with the creation of an express private right of action only for certain violations of Title 3-A not implicated in this case, demonstrates that the inference of a private right of action for plaintiffs' grievances would be inconsistent with legislative intent.

There is no reason to resolve this potentially significant issue of state law, as the complaint quite plainly does not allege a violation of Section 953, subd. 4. Plaintiffs do not sufficiently allege that they were charged a fee "in connection with the maintenance of a real property tax escrow account," as defined by RPTL § 952, subd. 3. First, they contend that there was no tax escrow account at all. *See* Cpt. ¶ 15 ("nor is an escrow account created or maintained" with respect to a cooperative apartment loan). Second, even if there were, there is no contention that the building in which plaintiffs purchased was "a one to six family residence."[1]

Accordingly, defendants' motion to dismiss the second and third causes of action is granted to the extent that (1) those causes of action are dismissed insofar as they are brought against Wells Fargo Bank, N.A., and (2) the second cause of action is dismissed insofar as it is brought against defendant Wells Fargo & Company. It is denied in all other respects.

SO ORDERED.

Dated:        April 2, 2008

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[1]        Indeed, there is even doubt as to whether a one to six family cooperative, as opposed to a condominium, would be covered. *See* RPTL § 952, subd. 4. But it is not necessary to reach this point.

4