IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**ANDREW WILLIAM SMITH & LISA VELTEN-SMITH,**

**On Behalf of Themselves and All Others Similarly Situated,**

Plaintiffs,

v.

**WELLS FARGO & COMPANY, WELLS FARGO BANK, N.A. And Does 1 through 20,**

Defendants.

Civil Action No. 1:08 cv-00564 (LAK)

## DEFENDANTS' AMENDED ANSWER[1]

Defendants Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively "Wells Fargo"), hereby submit its Amended Answer to the Complaint of Plaintiffs Andrew William Smith and Lisa Velten-Smith ("Plaintiffs").

### Introduction

1.    The allegations in the unnumbered first paragraph are introductory and summary in nature and require no response. To the extent that a response is required, Wells Fargo denies the allegations in the first paragraph.

---

[1]    Pursuant to the Court's April 2, 2008 Order, Wells Fargo hereby amends its prior Answer to include a response to the remaining General Business Law § 349 claim against Wells Fargo & Company.

<u>Nature Of The Action</u>

2.      The allegations in the first sentence of Paragraph 1 are conclusions of law to which no response is required.  To the extent that a response is required, Wells Fargo denies the allegations in the first sentence of Paragraph 1.  All remaining allegations in Paragraph 1 are denied.

<u>Jurisdiction And Venue</u>

3.      The allegations in Paragraph 2 are conclusions of law to which no response is required.  To the extent that a response is required, Wells Fargo denies the allegations in Paragraph 2.

4.      The allegations in Paragraph 3 are conclusions of law to which no response is required.  To the extent that a response is required, Wells Fargo denies the allegations in Paragraph 3.

<u>Parties</u>

5.      Wells Fargo lacks sufficient knowledge or information to admit or deny the allegations contained in the first and last sentence of Paragraph 4.  Wells Fargo admits the allegations in the second sentence of Paragraph 4.

6.      Wells Fargo admits that Wells Fargo & Company is a Delaware corporation with its principal place of business at 420 Montgomery Street, San Francisco, California 94163. Wells Fargo denies the remaining allegations of Paragraph 5.

7.      Wells Fargo admits that Wells Fargo Bank, N.A. is a national association with its principal executive offices located at 464 California Street, San Francisco, California, 94104; admits that it made Plaintiffs the loan that is the subject of this case; and admits it makes loans to

2

others in compliance with applicable law. Wells Fargo denies the remaining allegations of Paragraph 6.

8.      Wells Fargo lacks sufficient knowledge to admit or deny the introductory allegations in Paragraph 7, and therefore denies them.

9.      Wells Fargo denies the allegations in Paragraph 8.

<u>Allegations Common to All Causes of Action</u>

10.      The allegations of Paragraph 9 assert legal conclusions to which no response is required. To the extent that a response is required, Wells Fargo denies the allegations of Paragraph 9.

11.      The allegations of Paragraph 10 assert legal conclusions to which no response is required. To the extent that a response is required, Wells Fargo admits that Wells Fargo Bank, N.A. agrees with certain of its customers to have an escrow account on loans it makes, the purpose of which varies, and Wells Fargo otherwise denies the allegations of Paragraph 10.

12.      As to the first sentence of Paragraph 11, Wells Fargo admits that Wells Fargo Bank, N.A. sometimes collects a "tax service fee" charged to it in connection with some loans but denies that the "tax service fee" is charged "for the cost to contact the taxing authority, create the tax escrow and insure timely payment of applicable taxes." The second sentence of Paragraph 11 asserts a legal conclusion to which no response is required. To the extent that a response is required, Wells Fargo denies the allegations in the second sentence of Paragraph 11.

13.      The allegations of Paragraph 12 assert legal conclusions to which no response is required. To the extent that a response is required, Wells Fargo denies the allegations in Paragraph 12.

LIBW/1673977.2

14.     As to the allegations in Paragraph 13, Wells Fargo admits this sets forth a very general and vague description of cooperative unit ownership but denies it is comprehensive or complete; and so denies them.

15.     As to the allegations of the first sentence of Paragraph 14, Wells Fargo admits this sets forth a very general and vague description of cooperative unit ownership but denies it is comprehensive or complete; and so denies the allegations.  Wells Fargo denies the remaining allegations in Paragraph 14.

16.     Wells Fargo admits the first sentence of Paragraph 15 as to Wells Fargo Bank, N.A., and admits that the "tax service fee" is disclosed in borrowers' HUD-1 statements.  Wells Fargo denies the remaining allegations in Paragraph 15.

17.     Wells Fargo admits the first sentence of Paragraph 16, and lacks sufficient knowledge or information to admit or deny the allegation in the second sentence of Paragraph 16 as to communications on "work" between Plaintiffs and "a mortgage broker."  Wells Fargo denies the remaining allegations in paragraph 16.

18.     Wells Fargo denies the allegations in Paragraph 17.

19.     Wells Fargo denies the allegations in Paragraph 18.

20.     Wells Fargo denies the allegations in Paragraph 19.

<u>Class Action Allegations</u>

21.     Wells Fargo denies the allegations in Paragraph 20, and specifically denies that any class should be certified in this case.

22.     Wells Fargo denies the allegations in Paragraph 21, and specifically denies that any class should be certified in this case.

4

23.    Wells Fargo denies the allegations in Paragraph 22, and specifically denies that any class should be certified in this case.

24.    The allegations of Paragraph 23 assert legal conclusions to which no response is required. To the extent a response is required, Wells Fargo denies the allegations and specifically denies that any class should be certified in this case.

25.    Wells Fargo denies the allegations in Paragraph 24, and specifically denies that any class should be certified in this case.

First Cause of Action –<br>In Violation of 12 U.S.C. § 2607 <em>et. seq.</em>

26.    Wells Fargo incorporates its responses to Paragraphs 2-25 as its response to the allegations in paragraph 25.

27.    The allegations of Paragraph 26 assert legal conclusions to which no response is required. To the extent that a response is required, Wells Fargo denies the allegations of Paragraph 26.

28.    Wells Fargo denies the allegations in Paragraph 27.

29.    Wells Fargo denies the allegations in Paragraph 28.

30.    Wells Fargo denies the allegations in Paragraph 29.

31.    Wells Fargo denies the relief requested in Paragraph 30 and further denies that Plaintiffs are entitled to any relief whatsoever in this Court.

Second Cause of Action –<br>In Violation of New York State Real Property Tax Law § 952 <em>et. seq.</em>

32.    The allegations in Paragraphs 31 – 37 were dismissed pursuant to the Court's April 2, 2008 Order. Therefore no response is required.

LIBW/1673977.2

<u>Third Cause of Action –</u>
<u>Deceptive Acts and Practices in Violation of § 349 *et. seq.*[2]</u>

33.     Wells Fargo & Company incorporates its responses to Paragraphs 2-37 as its response to the allegations in Paragraph 38.

34.     Wells Fargo & Company denies the allegations in Paragraph 39.

35.     Wells Fargo & Company denies the allegations in Paragraph 40.

36.     Wells Fargo & Company denies the allegations in Paragraph 41.

37.      Wells Fargo & Company denies the allegations in Paragraph 42.

38.     Wells Fargo & Company denies the allegations in Paragraph 43 and further denies the relief requested in Paragraph 43.

39.     The allegations of Paragraph 44 assert legal conclusions to which no response is required.  To the extent a response is required, Wells Fargo & Company denies the allegations and specifically denies that any class should be certified in this case.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by their failure to join indispensable parties.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they accepted the benefit of the transactions at issue.

**FOURTH AFFIRMATIVE DEFENSE**

---

[2]     Pursuant to the Order of this Court, granting in part Wells Fargo's Partial Motion to Dismiss, the answer to the Third Cause of Action pertains only to Wells Fargo & Company.

6

Plaintiffs' claims are barred, in whole or in part, by the terms of the loan documents that they signed.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by their own fault, contributory negligence or joint responsibility.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs suffered no actual damages as a result of any action or omission by Wells Fargo.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their voluntary payment of the sums at issue.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their binding, voluntary agreement to the terms and conditions of the loans at issue, or by the agreement of their agent(s).

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they lack standing to bring them.

## TWELFTH AFFIRMATIVE DEFENSE

Wells Fargo gives notice that it intends to and will rely upon all defenses it may have as to any of the absent members of the putative class if a class is certified, including the defenses of res judicata, judgment, arbitration, payment, and discharge in bankruptcy, and it further reserves the right to assert counterclaims against such persons to the extent required in order to preserve its rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

Wells Fargo hereby gives notice that it intends to rely on such other and further defenses as may become available or apparent during discovery proceedings in this case, and it hereby reserves its right to assert such defenses.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims of the Plaintiffs and or members of the putative class are barred by the statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims of the Plaintiffs and the putative class members are barred by principles of *res judicata*, collateral estoppel, claim preclusion, judgment, or similar concepts.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, the request for class treatment should be refused or limited, or the suit should be stayed, in whole or in part, because of the existence of prior actions pending in other courts concerning the same or similar claims.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Some of all of the claims of Plaintiffs and the putative class members are barred, in whole or in part, by waiver, estoppel, and/or release.

## EIGHTEENTH AFFIRMATIVE DEFENSE

LIBW/1673977.2

Some or all of the claims of Plaintiffs and the putative class members are barred, in whole or in part, to the extent that they are based on, and/or the damages alleged in the Complaint were caused by, the act or omissions of third parties not under the control of Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

Any damages otherwise recoverable by Plaintiffs and the putative class my be offset, in whole or in part, by amounts owned to Defendants, in which case Defendants are entitled to an offset against any verdict or judgment, in amounts according to proof at trial.

### TWENTIETH AFFIRMATIVE DEFENSE

Some or all of the claims and the putative class members are barred in whole or in part because the fee in question was paid in whole or in part by the application of lender, seller and/or third party credits.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are based upon alleged disclosure violations, such claims are barred because the Real Estate Settlement Procedures Act ("RESPA") does not contain a private right of action for such violations.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by one or more of the several defenses and liability limitations available under RESPA, including, but not limited to, the provisions of 12 U.S.C. § 2607(c) and the "safe harbor" provided in 12 U.S.C. § 2617(b).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by one or more of the several defenses and liability limitations available under New York State General Business Law § 349 *et seq.*

9

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Wells Fargo & Company cannot be held liable under New York State General Business Law § 349 *et seq.* for the conduct of its subsidiaries, and derivative liability is not permissible under § 349.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claim for treble damages under New York State General Business Law § 349 is not warranted or permissible.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Wells Fargo & Company are barred by federal preemption because they seek to hold Wells Fargo & Company liable for the acts of a national bank.  As the direct claims against the national bank are preempted, such claims against the parent of the exempt entity are also preempted.

WHEREFORE, Wells Fargo respectfully requests that judgment be entered in its favor, that it be awarded its costs, including reasonable attorneys' fees, and that the Court award it all other and further relief deemed just and appropriate.

LIBW/1673977.2

Respectfully submitted,

WELLS FARGO & COMPANY and
WELLS FARGO BANK, N.A.

By their attorneys,


/s/ Brian D. Hail
Brian D. Hail (BH – 1857)
GOODWIN PROCTER, LLP
599 Lexington Avenue,
New York, NY 10022
(212) 813-8800 (telephone)
(212) 355-3333(facsimile)
bhail@goodwinprocter.com


Thomas M. Hefferon (*pro hac vice*)
Marva R. Deskins (not admitted *pro hac vice*)
GOODWIN PROCTER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
(202) 346-4000 (telephone)
(202) 344-4444 (facsimile)
thefferon@goodwinprocter.com


Dated:  April 16, 2008

11